OPINION
{¶ 1} Willie Cunningham is appealing the judgment of the Montgomery County Common Pleas Court, which convicted him of possession of cocaine.
 {¶ 2} On April 26, 2001, Trooper Eric Ruffin observed Mr. Cunningham driving a commercial semi tractor trailer northbound on U.S. Route 75. Using his radar equipment, the trooper determined that Mr. Cunningham was traveling at 73 miles per hour in a 55 miles per hour zone and stopped him. When talking to Mr. Cunningham, the trooper observed that Mr. Cunningham could not consistently state either where he had been or where he was going. Mr. Cunningham stated that he was coming from Dayton but could not state whether he was going to Toledo or Fostoria. Mr. Cunningham stated that he was following his brother in a pickup truck and that he had come from Michigan the day before to help his brother fix the truck. Further, Mr. Cunningham stated that he did not work for the company that owned the truck and that the logbooks located in the truck did not belong to him. Upon performing a registration check on the trailer, the trooper learned that the trailer had been stolen.
 {¶ 3} Trooper Ruffin requested a canine unit to come to the scene. A dog was brought to the scene by a Sidney police officer and alerted on the vehicle. Before the trooper conducted his search, Mr. Cunningham told the trooper that he was responsible for everything in the truck. While searching the truck, the trooper found a cardboard box in the sleeping area, which contained a small package wrapped in tape. Upon examination, the contents were determined to be cocaine.
 {¶ 4} Mr. Cunningham was subsequently indicted for one count of Drug Abuse, in violation of R.C. 2925.11(A)(C)(4)(f), Possession of Cocaine in an amount in excess of 1,000 grams. The matter was tried to the court on April 2, 2002, and the court found Mr. Cunningham guilty and sentenced him to ten years of imprisonment. Mr. Cunningham has filed this appeal from his conviction.
 {¶ 5} Mr. Cunningham raises the following assignment of error:
 {¶ 6} "Appellant's conviction was against the manifest weight of the evidence."
 {¶ 7} Mr. Cunningham argues that the State did not show that he had knowledge of the presence of the controlled substance in the truck, especially as other items in the truck did not belong to him. We disagree.
 {¶ 8} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Martin, supra, at 175.
 {¶ 9} At Mr. Cunningham's trial, Trooper Ruffin testified regarding the stop of Mr. Cunningham. The trooper testified that Mr. Cunningham had exhibited several unusual behaviors that had aroused his suspicion. The trooper stated that Mr. Cunningham had not been able to state where he had been going or where he had been in Dayton, had acted nervous, and had made inconsistent statements regarding whether he had a logbook. The vehicle and trailer were owned by Galaxy Trucking, not Mr. Cunningham. Additionally, when the trooper ran the vehicle identification number on the trailer, it came back as stolen. The police detained Mr. Cunningham while a canine unit was called. During this period of time, Trooper Ruffin testified that Mr. Cunningham had stated that he was responsible for everything in the truck. When the canine alerted on the vehicle, a search was conducted and 1003.9 grams of cocaine were found in the sleeping compartment of the truck.
 {¶ 10} Mr. Cunningham argues that the State did not show that he had knowledge of the cocaine. Particularly, Mr. Cunningham points to the evidence that the vehicle did not belong to him, that Mr. Cunningham had said the logbooks in the vehicle belonged to another, and that shoes found in the vehicle were not shown to belong to Mr. Cunningham. However, after reviewing all of the evidence, we cannot say that the trier of fact lost its way or that the evidence weighs heavily against Mr. Cunningham's conviction. The Appellant's assignment of error is without merit and is overruled.
 {¶ 11} The judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.